## ASPINWALL CONSTRUCTION CO. v. ASHE.

No. 69-C-2367.

Circuit Court, Fifteenth Judicial Circuit.

March 31, 1971.

Luther M. Taylor, North Palm Beach, for plaintiff.

John S. Call, Jr., Palm Beach and R. Lawrence Ashe, Jr., Atlanta, Ga., for defendant.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiff sues to collect $1,358.34 alleged to be due under a contract with defendant for construction of a bedroom-and-bath addition to her residence.

The contract was evidenced by a letter from plaintiff to defendant, in which plaintiff agreed to "supply all labor and material for your bedroom and bath addition in accordance with the attached plans and noted items of work . . . for the agreed sum of $6,000." Both parties signed the letter agreement, and following a discussion between them at that time the following words were added at the bottom of the letter by Mr. Aspinwall to become part of the agreement —

"Final Settlement on a Time and Material Plus 1 / 3 Basis."

According to defendant's testimony, this provision was added when plaintiff acceded to her request that she be allowed to share savings (or profits) from the job with plaintiff, but was not intended to affect the ceiling price of $6,000. Plaintiff's testimony was to the effect that the clause was added because it developed in their discussion that the defendant required certain changes in the plans which added to the cost of the work; that while the contract provision in which plaintiff agreed to perform the work "for the agreed sum of $6,000" was left intact and undisturbed, the whole financial agreement was changed to the cost-plus basis expressed in the new clause and the $6,000 figure no longer had any relevance. He conceded that he and defendant discussed her participating in "cost savings" in the event the costs should be below $6,000, and testified that he did not anticipate that costs would be that low.

Aspinwall testified that his labor and materials costs were $5,500 and with one-third added, the total amount due for the job was $7,333.34. He acknowledged payment of $5,975 and of defendant's check for an additional $25 proffered by defendant in "final payment," which he had retained but not cashed. (Although plaintiff was put to proof of his costs, he failed to bring his books

and payroll records to the trial, testifying, "I know they bear out what I say.")

The principal issue is the construction of the contract between the parties.

The presence of the $6,000 limitation in the contract cannot be ignored.

> "It is a cardinal rule in the construction of contracts that the intention of the parties thereto will be ascertained from a consideration of the whole agreement. It is not enough to look to an isolated phrase or paragraph of the contract . . . All of the provisions of a contract should be given their due meaning . . .; effect should be given to each provision if that can reasonably be done. Language in one clause should not be construed as superfluous merely because an implication of law arising from another clause would indicate that it was not necessary." 7 Fla. Jur., *Contracts* §77.

Ambiguities must be construed against the plaintiff.

> "A fundamental and frequently applied rule of construction is that doubtful or ambiguous language of a contract is to be construed against the party who drew the contract or chose the language." Id., §87.

As stated in Gilbert v. American Casualty Co., of Reading, Pa., Fla., 219 So.2d 84 —

> "When language of a contract is ambiguous and puts the parties in doubt as to their rights under such language, then the provision in doubt should be strictly construed against the party who drew up the contract."

The interpretation of the contract between the parties in the present case being subject to and governed by the principles stated, the court finds that the defendant is entitled to prevail upon plaintiff's claim.

Defendant counterclaims for a total of approximately $1,000 in damages for plaintiff's alleged failure to complete construction in conformity with the contract, and defective workmanship. The court finds from the evidence that defendant is entitled to recover the sum of $95 upon her counterclaim.

It is thereupon ordered and adjudged that plaintiff take nothing by his complaint and that defendant do have and recover the sum of $95 from plaintiff upon her counterclaim, less the sum of $25, representing the amount of defendant's said proffered check to complete her $6,000 payment, the check having been submitted in evidence herein; costs to be taxed by further order after notice.