**Tom M. PRICE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

Nov. 6, 1972.

Allen Shoffner, Shelbyville, for appellant.

Jack M. Irion, Bomar, Shofner, Bomar & Irion, Shelbyville, for appellee.

OPINION

CHATTIN, Justice.

State Farm filed the original bill in this cause against Price seeking a declaratory judgment relative to his claim arising under the Uninsured Motorist Coverage of an

automobile liability policy issued to Price who had made a demand under the terms of the policy for arbitration of his claim. State Farm sought a declaratory judgment that the claim made against it was barred by the one year statute of limitations.

The insuring agreement of the Uninsured Motorist Coverage of the policy, exhibited to the bill, provides:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage determination as to whether the insured or such representative is legally entitled to recover such damages and if so the amount thereof, shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, and the insured so demands, by arbitration.

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the Company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the Company."

The bill then alleges the coverage only relates to those sums which the insured, Price, is "legally entitled to recover as damages from the owner or operator of the uninsured automobile."

The bill further alleges that at the time of the accident and resulting injuries to Price T.C.A. Section 56–1153 was in full force and effect which provides as follows:

"Any insured intending to rely on the coverage required by [T.C.A. Section] 56–1148—56–1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

"The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings."

The bill then quotes T.C.A. Section 28–304, the one year statute of limitations in actions for personal injuries.

It is next alleged that on September 5, 1968, Price was struck by an uninsured automobile within the meaning of the automobile liability insurance policy issued to him; and that Guy Landers was the operator of the automobile.

It is further alleged no suit or action was taken against Landers or State Farm within one year after the accident and injuries to Price.

The bill further alleged Price by letter dated January 23, 1970, through his Attorney, made demand for arbitration.

The bill alleged the one year statute of limitations applied to the facts of this case; and that since Price is no longer "legally entitled to recover" from Landers, he cannot recover from State Farm under the uninsured automobile coverage of his policy.

Finally, it is alleged an arbitration board would be bound by the one year statute of limitations; and, therefore, there is nothing to arbitrate.

Price filed an answer to the bill in which he alleged Landers, the uninsured motorist, was unemployed and unable to respond for any money judgment; that none of the exclusions to the uninsured motorist coverage applied to his claim; that he had complied with all the terms and conditions of the policy, including notice, and the filing of written proof of his claim under the Uninsured Motorist Coverage with State Farm prior to the expiration of one year from the date of the accident; and that his claim against State Farm was controlled by the six year statute of limitations applicable to contracts.

The Chancellor heard the matter on bill and answer and on September 18, 1970, a decree was entered in which he held the six year statute of limitations controlled and that liability and damages would be determined at another hearing.

The Chancellor granted State Farm a discretionary appeal to this Court. This Court dismissed the appeal as premature and remanded the case to the trial court.

State Farm then filed a supplemental bill in the nature of a bill of review seeking to set aside the decree entered on September 18, 1970.

The bill alleged that on June 7, 1971, this Court filed its opinion in the case of Glover v. Tennessee Farmers Mutual Insurance Company, Tenn., 468 S.W.2d 727 (1971); and that the opinion made certain rulings which indicate the ruling of the Chancellor on the issue at bar would have been different had he had the benefit of its rulings.

The bill prayed the decree of September 18, 1970, be reviewed in light of the rulings in the Glover case and set aside.

The Chancellor granted State Farm the right to file the bill.

Price demurred to this bill on the grounds a bill of review only lies to a final decree; and that the bill was in effect a petition to rehear which came too late.

The Chancellor overruled the demurrer.

Thereafter, an answer was filed in which it was denied the former decree of the Chancellor was erroneous and should be set aside; that State Farm had at no time requested Price to take action against the uninsured motorist; that State Farm did not deny liability for Price's claim; that State Farm did not inform Price it intended to rely upon the one year statute of limitations until after the expiration of same; and that if the one year statute of limitations was applicable to his claim, which he denied, State Farm was estopped to plead it under the facts of the case.

The Chancellor heard the matter on bill and answer and entered a decree in direct opposition to that previously made. He held Price was not entitled to assert his claim against State Farm except in accordance with T.C.A. Section 56–1153; and that "any such claim is barred by the statute of limitations."

Price perfected an appeal to this Court and has made five assignments of error.

We deem it unnecessary to consider each assignment for the reason we think the fifth assignment of error is meritorious and should be sustained.

The fifth assignment insists State Farm waived or is estopped to assert the statute of limitations of one year.

The insurance policy involved was made an exhibit to the answer of Price. It shows it was issued on September 25, 1965, for a policy period to terminate on February 3, 1966. However, it was a renewal policy and contains the following provision:

"The policy period shall be as shown under 'Policy Period' and for such suc-

ceeding periods of six months each thereafter as the required renewal premium is paid by the insured on or before the expiration of the current policy period. The 'Policy Period' shall begin and end at 12:01 A.M., Standard Time at the address of the named insured as stated herein. The premium shown is for the 'Policy Period' and coverages indicated on page 1."

We calculate the last premium paid prior to the date of the accident occurred on or about August 1, 1968, or about a month prior to the date of the accident on September 5, 1968.

The Uninsured Motorist Statute became effective January 1, 1968. Price filed his claim within one year after the accident. He heard nothing from State Farm with respect to his claim.

On January 23, 1970, Counsel for Price notified State Farm he was demanding arbitration of the claim as provided by the policy. Thereafter, on April 24, 1970, the original bill in this case was filed.

The record shows State Farm did not deny the claim until the original bill was filed.

State Farm did not comply with the mandate of T.C.A. Section 56–1148 to provide a supplemental endorsement of the coverage enacted by the Uninsured Motorist Statute to the renewal policy issued to Price.

The action of State Farm in not complying with T.C.A. Section 56–1148 caused Price to rely on the Uninsured Motorist Coverage of the policy which provided for arbitration of his claim.

State Farm cannot now rely upon the Uninsured Motorist Statute to justify its action in ignoring the claim until after the expiration of one year from the date of the accident.

"Whenever A, by acts, words, or silence, intentionally causes or permits B to do a thing he would not otherwise have done, it would be manifestly inequitable for A, by repudiating the very conduct by which he induced B to act, and by setting up rights of his own, inconsistent with his said conduct, to compel B to incur a loss by undoing the very thing A's conduct caused him to do. Courts of equity will not permit such inequitable action on A's part and will not allow him to set up any claims inconsistent with those acts, words, or silence, of his, which induced B to do what he did." Gibson's Suits in Chancery, Fourth Edition, Section 67, page 84.

The decree of the Chancellor is reversed and the cause is remanded for further proceedings consistent with this opinion.

State Farm will pay the costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and COOPER, Special Judge, concur.

HUMPHREYS, Justice (concurring).

I concur in Justice Chattin's opinion. It is sound in law and just in result.

Another ground on which the same result can, and I think should, be reached, is that this is required because of the stipulation entered into by State Farm that Price "is entitled to recover damages from State Farm unless the Court holds his claim is barred by the one-year statute of limitations provided by T.C.A. § 28–304", and the insurer's agreement to arbitrate.

In this state of affairs the issue becomes, not whether the one-year statute has run,

which only applies to a suit on the tort, but, whether on this confession of its liability and its agreement to arbitrate, equity should hold State Farm to its bargain. I think it should.

I am not unmindful of the provision of T.C.A. § 56–1153 respecting arbitration,[1] nor of what was said in Glover v. Tennessee Farmers Mutual Ins. Co., Tenn., 468 S.W.2d 727. Glover, however, had nothing to do with arbitration, and, although it took notice of the statute provision in regard thereto, it did not attempt to interpret the statute. So, we are free to do that here. The statute must mean, since it simply provides that uninsured motorist provisions shall not *require* arbitration, and that the insured shall not be prevented by arbitration provisions from employing counsel and instituting suit, that such an arbitration provision cannot be made a condition precedent to suit. Having in mind that the purpose of this provision of the statute is to prevent the use of arbitration agreement provisions to prevent a suit by the insured under the general statute, there is no reason to hold that the statute prevents the insured from suing for and receiving the benefits he would have received if he had received the arbitration the insurer provided for. In sum, I hold that T.C.A. § 56–1153 does not deny the insured the right to the arbitration the insurer has agreed to afford him, and, when this right is denied by the insurer he may have its equivalent in court; and that as to this, the statute of limitation is six years. Schlief v. Hardware Dealers Mutual Fire Ins. Co., 218 Tenn. 489, 404 S.W. 2d 490.

DYER, C. J., CHATTIN and McCAN- LESS, JJ., and COOPER, Special Judge, concur in this opinion.

1. "The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings."