277 So.2d 538 (1973)
Robert MENDLEIN and Eleanor Mendlein, Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.
No. 72-1374.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Fuller, Brumer, Moss, Cohen & Rodgers, and Burt E. Redlus, Miami, for appellants.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, and Stephen A. Stieglitz, Miami, for appellee.
Before PEARSON, CHARLES A. CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of a final summary judgment in favor of plaintiff-appellee.
On March 16, 1967, as a result of an automobile-pedestrian accident with one Mary Delancy, Eleanor Mendlein suffered personal injuries and subsequently filed suit against Mrs. Delancy. After repeated attempts to serve Mrs. Delancy, it was determined finally that she was no longer within the court's jurisdiction and was uninsured at the time of the accident. Thereafter, on May 10, 1972 Mrs. Mendlein and her husband filed a demand for arbitration[1] with their insurance company, U.S. Fidelity and Guaranty Company, the *539 appellee. Fidelity then filed an action for a declaratory decree seeking to determine the status of its uninsured motorist coverage under the appellants' (Mr. and Mrs. Mendlein) insurance policy. Plaintiff-appellee, Fidelity, contended that the 5 year statute of limitation had run, thus barring the claim under the uninsured motorist coverage and moved for summary judgment. The lower court granted the motion and this appeal ensued.
Appellants contend that the lower court erred in finding as a matter of law that the cause of action for an uninsured motorist claim arises on the date of an accident with an uninsured motorist, rather than on the date the conditions precedent contained in the insuring agreement are complied with.
Having found no Florida case exactly on point, we looked to other jurisdictions and discovered that the New York court in the case of In re Motor Vehicle Accident Indemnification Corporation, 40 Misc.2d 970, 244 N.Y.S.2d 154 (1963) was confronted with the same problem. The court held that New York's six year statute of limitation relating to contract actions was applicable in determining the time for serving a demand for arbitration and the tortious act of the third party give rise to the rights under the contract. In other words, the statute of limitation begins to run as of the date of the accident and a demand for arbitration, absent in the insurance contract a time limitation for instituting arbitration proceedings, must be made within the applicable statutory period. See also Application of Travelers Indemnity Company, 226 N.Y.S.2d 16 (Sup. 1962); Schleif v. Hardware Dealer's Mutual Fire Insurance, 218 Tenn. 489, 404 S.W.2d 490 (1966); Price v. State Farm Mutual Automobile Company, 486 S.W.2d 721 (Tenn. 1972). We adopt this view.
Turning to the case sub judice, the 5 year statute of limitation, F.S. § 95.11(3) F.S.A., which all parties agreed upon, is the applicable Statute. See Hartford Accident & Indemnity Company v. Mason, Fla.App. 1968, 210 So.2d 474. Appellant, Mrs. Mendlein was injured on March 16, 1967 and as of that date her rights arose under the contract. It follows then that appellants' demand for arbitration on May 10, 1972 was untimely and barred by the 5 year statute of limitation which began to run as of the date of the accident with Mrs. Delancy in March 1967.
Further, many jurisdictions hold that where, as in the case at bar, either the insured or insurer upon disagreement as to liability or amount of payment may upon written demand have the matter settled by arbitration, the party desiring arbitration must demand such arbitration within a reasonable time. Andeen v. Country Mutual Insurance Company, 70 Ill. App.2d 357, 217 N.E.2d 814 (1966) and 45 C.J.S. Insurance § 1113 (1946). This court has held that where a demand or some other act is required of a party as a condition precedent to his right to sue, the demand must be made in reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitation. Stoudenmire v. Florida Loan Company, Fla.App. 1960, 117 So.2d 500. We hold the same rule applicable not only to a parties right to sue, but a parties right to arbitration pursuant to an insurance contract as in the instant case.
Accordingly, the judgment of the lower court is affirmed.
Affirmed.
NOTES
[1] "Arbitration.

"If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."