401 So.2d 846 (1981)
Floyd Michael KILBREATH, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 80-1037.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Rehearing Denied August 4, 1981.
*847 William H. Roundtree, Cocoa, for appellant.
Thomas G. Kane of Driscoll, Langston, Layton & Kane, Orlando, for appellee.
COWART, Judge.
When an insurance policy requires arbitration of claims and another provision specifies that no action shall lie against the company unless there has been full compliance with all terms of the policy, arbitration or its waiver or denial by the company is a condition precedent to an action on the policy. See Hall v. Nationwide Mutual Insurance Co., 189 So.2d 224 (Fla. 4th DCA 1966); Mike Bradford & Co., Inc. v. Gulf States Steel Co., Inc., 184 So.2d 911 (Fla.3d DCA 1966). A statute of limitations on a contract action does not begin to run until an action can be brought on the contract, Briggs v. Fitzpatrick, 79 So.2d 848 (Fla. 1955), and no action can be brought on a contract until all conditions precedent to recovery on the contract have occurred. Gilbert v. American Casualty Co. of Reading, Pennsylvania, 219 So.2d 84 (Fla.3d DCA), cert. denied, 225 So.2d 920 (Fla. 1969). Therefore, the statute of limitations on a contract action does not begin to run until all conditions precedent to recovery under the contract have occurred. See Employers' Fire Insurance Co. v. Continental Insurance Co., 326 So.2d 177 (Fla. 1976). Consequently, since an action on an insurance policy is a contract action, the statute of limitations on an action on the policy does not begin to run until arbitration has occurred or has been waived or denied by the insurance company.[1]
The order dismissing the complaint as barred by the statute of limitations, as computed from the accident rather than from the denial of arbitration, is
REVERSED and the cause is remanded for further proceedings.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I disagree with the majority that the cause of action on this insurance contract does not accrue until after arbitration is had, or after the insurer refuses to arbitrate. This situation is distinguishable from a "no action" provision[1] in an insurance contract and from a cause of action based on a derivative claim.[2] In an action against an insurance company for "underinsured" or "uninsured" motorist coverage the right of action stems from the plaintiff's right of action against the tortfeasor and the statute of limitations should begin to run on the date of the accident. See Bocek v. Inter Ins. Exchange of Chicago Motor Club, 369 N.E.2d 1093 (Ind. App. 1977). The majority opinion permits the five year statute of limitations provision[3] to be extended to a maximum of ten years at the will of the party against whom it is supposed to be running  an incongruous result.
Further, I cannot read Mendlein v. U.S. Fidelity & Guaranty Co., 277 So.2d 538 (Fla.3d DCA 1973) as permitting the filing of this action  almost eight years after the accident occurred. The Mendlein court ruled:
We hold the same Rule [§ 95.11(3)  5 year statute of limitations] applicable not only to a parties' right to sue, but a parties' right to arbitration pursuant to an insurance contract as in the instant case. (Emphasis supplied)
277 So.2d at 539.
Consistent with Mendlein I would affirm the lower court's dismissal of this case because *848 it is barred by the statute of limitations.
NOTES
[1] We read Mendlein v. U.S. Fidelity and Guaranty Co., 277 So.2d 538 (Fla.3d DCA 1973), to hold only that where arbitration is required it must be demanded within a reasonable time, a time fixed by analogy to the statute of limitation, and that where Mrs. Mendlein had not demanded arbitration within the five year period of limitations applicable to a cause of action on the policy, she had not acted within a reasonable time.
[1] Gilbert v. American Casualty Co. of Reading, Pa., 219 So.2d 84 (Fla.3d DCA), cert. denied, 225 So.2d 920 (Fla. 1969).
[2] Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980).
[3] § 95.11(3), Fla. Stat. (1979).