408 So.2d 838 (1982)
John BURNETT, Appellant,
v.
FIREMAN's FUND INSURANCE COMPANY, Appellee.
No. 81-305.
District Court of Appeal of Florida, Second District.
January 20, 1982.
Lee S. Damsker of Gordon & Maney, and Mulholland, Anderson & McCue, Tampa, for appellant.
Larry I. Gramovot of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
RYDER, Judge.
John Burnett appeals the summary judgment entered adverse to his claim for uninsured motorist benefits, alleging the lower court erred in applying a four-year limitation statute on the action. We reverse.
Appellant's complaint, filed September 17, 1980, alleged he was involved in an automobile accident with an uninsured motorist on January 10, 1976. Appellant asserted that he had a policy of uninsured motorist insurance with appellee. Appellee answered, stating as a defense, that the action was governed by the four-year statute of limitations applicable to torts. Section 95.11(3)(a), Florida Statutes (1979). Appellee's motion for summary judgment on that ground was granted by the court below.
We hold that the court erred in applying a four-year limitations period to apply to the action. The rights and obligations of the parties below were governed by contract law, since those rights and obligations arose out of an insurance contract. Hartford Accident and Indemnity Co. v. Mason, 210 So.2d 474 (Fla. 3d DCA 1968). That the uninsured motorist stands in a tort relationship to appellant does not change the fact the action below arose out of an insurance contract between the parties. Thus, only the five-year limitation period specified by section 95.11(2)(b) applies. We note that the Fifth District Court of Appeal has reached a result consistent with the result of our decision above in Kilbreath v. State Farm Mutual Automobile Insurance Co., 401 So.2d 846 (Fla. 5th DCA 1981).
The summary judgment below is REVERSED and the case REMANDED for further proceedings.
OTT, A.C.J., and DANAHY, J., concur.