419 So.2d 632 (1982)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Floyd Michael KILBREATH, Respondent.
No. 61133.
Supreme Court of Florida.
September 2, 1982.
*633 Thomas G. Kane of Driscoll, Langston & Kane, Orlando, for petitioner.
William H. Roundtree, Cocoa, for respondent.
EHRLICH, Justice.
We have for review the decision of the District Court of Appeal, Fifth District, in Kilbreath v. State Farm Mutual Automobile Insurance Co., 401 So.2d 846 (Fla. 5th DCA 1981), which expressly and directly conflicts with Mendlein v. United States Fidelity & Guaranty Co., 277 So.2d 538 (Fla. 3d DCA 1973). We have jurisdiction.[1]
The determinative issue in Kilbreath is whether, in an action under an uninsured motorist insurance policy, the statute of limitations begins to run as of the date of the accident. We hold that it does.
The pertinent facts may be stated briefly. Kilbreath had automobile insurance coverage under four separate policies issued to him by State Farm. On June 11, 1972, Kilbreath was injured in a motor vehicle accident. He requested arbitration of his claim on April 26, 1976, which request was denied on May 19, 1976. On May 16, 1980, almost eight years after the accident, Kilbreath filed suit against State Farm seeking underinsured motorist benefits under the uninsured motorist coverage. The trial court dismissed the action with prejudice reciting in the order of dismissal that the claim was barred by the statute of limitations.[2] The Fifth District Court of Appeal reversed, stating that arbitration or its waiver or denial by the company is a condition precedent to an action on the policy and that the statute of limitations did not begin to run until all conditions precedent to recovery under the contract had occurred. It held that the statute of limitations did not begin to run until arbitration had occurred or had been waived or denied by the insurance company. This petition followed.
The cause of action for an uninsured/underinsured motorist claim arises on the date of the accident with an uninsured/underinsured motorist since the right of action stems from the plaintiff's right of action against the tortfeasor. The statute of limitations thus begins to run on the date of the accident rather than on the date of compliance with the conditions precedent contained in the insuring agreement. Mendlein; Bocek v. Inter-Insurance Exchange of Chicago Motor Club, 175 Ind. App. 69, 369 N.E.2d 1093 (1977).
Kilbreath's policy of uninsured motorist insurance contains the following language:
To pay all sums which the insured or his legal representative shall be legally entitled *634 to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
The policy does not preclude the insured from maintaining an action at law against the tortfeasor. That cause of action against the third party tortfeasor clearly arises on the date of the accident. If the insured elects to proceed under his uninsured/underinsured motorist coverage, his first remedy is by the agreement of the parties. If the parties are unable to agree, his next remedy is by arbitration. If the insurer waives arbitration or refuses to arbitrate, the insured may then maintain an action at law against the insurer. The policy also provides that no action shall lie against the insurer unless as a condition precedent thereto there shall have been full compliance with all terms of the policy. An effort to agree amicably on the issue of entitlement and amount of damages, and failing that, arbitration, are both conditions precedent to an action against the insurer, but neither has any effect on when the cause of action arises. These are remedies provided by the insurance policy which the insured must exhaust before he can sue the insurer, but the statute of limitations is not tolled during the running of these times.
The uninsured motorist statute gives the insured the same cause of action against the insurer that he has against the uninsured/underinsured third party tortfeasor for damages for bodily injury. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978). It provides a new procedure whereby the insured may recover his loss against his own insurer. The accrual of the action occurs at the time of the accident with the uninsured motorist. As pointed out by Judge Sharp in her dissent in the opinion below:
In an action against an insurance company for "underinsured" or "uninsured" motorist coverage the right of action stems from the plaintiff's right of action against the tortfeasor... .
401 So.2d at 847 (Sharp, J., dissenting).
The decision of the district court is quashed, and this cause is remanded with directions to reinstate the order of dismissal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ADKINS and SUNDBERG, JJ., dissent.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] The trial court held the claim stale under the five year statute of limitations for an action on a contract, section 95.11(2)(b), Florida Statutes (1979). The district court likewise viewed five years as the proper measuring period, albeit running from a different starting point. It is not necessary to the outcome in this case to decide now and thus we reserve the issue of whether the applicable limitations period is the five year contract period or the four year tort period, since in any event the instant lawsuit was filed eight years after the date of the accident.