580 So.2d 190 (1991)
Howard LEVY, Appellant,
v.
The TRAVELERS INSURANCE COMPANY and Aetna Casualty and Surety Company, Appellees.
No. 90-0273.
District Court of Appeal of Florida, Fourth District.
April 10, 1991.
Wayne S. Koppel of Grevior & Jordan, Fort Lauderdale, for appellant.
Bob Zwicky of Law Offices of DeCesare & Salerno, Fort Lauderdale, for appellee/The Travelers Ins. Co.
Jeffrey W. Johnson and J. Edward Herndon of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Boca Raton, for appellee/Aetna Cas. and Sur. Co.
DOWNEY, Judge.
The insured, Howard Levy, appeals from a final order dismissing his complaint against appellees, Travelers Insurance Company and Aetna Casualty & Surety Company, in which he sought personal injury protection (PIP) benefits. Levy, who sustained injuries in an automobile accident, alleged that he had automobile insurance policies with Travelers and Aetna that included PIP coverage in full effect at the time of the accident. He claimed that he applied for benefits under the policies but that Travelers and Aetna refused to pay them. The trial court dismissed Levy's *191 complaint based on the five-year statute of limitations, section 95.11(2)(b), Florida Statutes (1981).
All of the parties agree that the five-year statute of limitations is applicable to this contract action. They differ, however, in the event which triggers the commencement of the five-year period. Appellees contend the statute commences tolling upon the occasion of the accident giving rise to the claim; while appellant argues that the statute does not commence running until the contract is breached. We hold that the tolling of the five-year statute of limitations commences upon the breach of the insurance contract.
In opting for the date of accident as the critical date, appellees rely upon Fladd v. Fortune Insurance Company, 530 So.2d 388 (Fla.2d DCA 1988), wherein the Second District Court of Appeal held that the five-year statute of limitations applicable to an action against an automobile insurer for breach of contract for failure to pay PIP benefits commenced to run on the date of the accident, rather than the date when benefits under the policy became overdue. The Fladd case, in turn, relied upon State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982), in arriving at its conclusion. Kilbreath involved a cause of action for uninsured motorist (UIM) coverage, which the supreme court described as a cause of action that stems from plaintiff's right of action against the tortfeasor and, thus, arises on the date of the accident. As the court said in that case, "the uninsured motorist statute gives the insured the same cause of action against the insurer that he has against the uninsured/underinsured third party tortfeasor for damages for bodily injury." Id. at 632, 633.
The cause of action in this case is a first party claim in contract for failure to pay the contractual obligation for personal injuries sustained, regardless of fault. The coverage is mandated by section 627.736(1), Florida Statutes (1981), in all policies complying with the security requirements of section 627.733, Florida Statutes. With regard to the payment of PIP benefits, section 627.736(4)(b) provides:
Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.
It is apparent that, pursuant to the statute, the insurer has no obligation to pay benefits to the insured until thirty days after receipt of the insured's claim. We see no reason to depart from the usual and customary rules regarding the application of the statute of limitations to insurance contracts unless there is an exception brought about by the nature of the claim, as in the UIM instance set forth in Kilbreath. For a clear exposition of the dichotomy involved in application of the statute of limitations to tort and contract claims, see Fradley v. County of Dade, 187 So.2d 48 (Fla.3d DCA 1966). The issue presented here has also been examined and elucidated in Micha v. Merchants Mut. Ins. Co., 463 N.Y.S.2d 110, 94 A.D.2d 835 (3 Dept. 1983), wherein the court stated:
Turning now to the accrual date, it is the general rule that "[i]n contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach * * * * (Krassner & Co. v. City of New York, 46 N.Y.2d 544, 550, 415 N.Y.S.2d 785, 389 N.E.2d 99). Application of this principle mandates rejection of the accrual date urged by defendant, for at the time of the accident defendant owed no contractual obligation to pay first-party benefits, and, therefore, it had not yet breached any contractual obligation. Defendant's obligation to pay the first-party benefits required by its policy arose "as loss [was] incurred" and benefits "are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" (Insurance Law, § 675, subd. 1; see, also, Montgomery v. Daniels, 38 N.Y.2d 41, 47, 378 N.Y.S.2d 1, 340 N.E.2d 444). Interest on the benefits begins to accrue when the payment is overdue (Young v. Utica Mut. Ins. Co., 86 A.D.2d 764, 448 N.Y.S.2d 83), and *192 we conclude that an insured's cause of action to recover the unpaid benefits accrues at the same time.
See also Rowland v. Safeco Insurance Co. of America, 634 F. Supp. 613 (M.D.Fla. 1986); Special Tax School Dist. No. 1 of Orange County v. Hillman, 179 So. 805, 131 Fla. 725 (1938).
Accordingly, while recognizing conflict with the decision in Fladd v. Fortune Insurance Company, 530 So.2d 388 (Fla.2d DCA 1988), we hold that the order appealed from is erroneous in that it relies upon the date of the accident giving rise to the PIP claim rather than the date of the breach of the contract by the insurers.
REVERSED.
HERSEY, C.J., concurs.
FRANK, RICHARD H., Associate Judge, dissents, with opinion.
FRANK, Associate Judge, dissenting.
I adhere to my concurrence in Fladd v. Fortune Insurance Company, 530 So.2d 388 (Fla.2d DCA 1988).