FRANK, Chief Judge.
Daria Jean Pierson and her husband, David Pierson, purchased a motor vehicle insurance policy from State Farm Mutual Automobile Insurance Company. After Daria was injured in an accident, State Farm ultimately denied coverage, and the Piersons sought declaratory and affirmative relief. The trial court granted State Farm’s motion for judgment on the pleadings.[1] We reverse because the trial court incorrectly concluded that the action was barred by the statute of limitations.
The factual setting we have considered derives from the allegations of the complaint. In June of 1986 the Piersons moved from Webster, Florida, to Tampa. Daria alleges that she informed State Farm of this relocation on June 13, 1986, a fact that would result not only in a change of address on the policy but also in a small increase of premium. Because the declarations page was not attached to the complaint, however, it is unclear whether this premium increase was included in the premium payment Daria made when she renewed her policies to encompass the period from August 7, 1986 through February 7, 1987. In December of 1986, however, the Piersons were notified by State Farm that the policy would be cancelled on Christmas Day because of a premium deficiency in the amount of $44.66. Daria wrote to State Farm asking about the cancellation notice and the claimed premium underpayment. State Farm did not respond. Given the size of the unpaid premium, however, it is likely that the amount represented an adjustment caused by the move from Webster to Tampa.
In any event, as misfortune would have it, Daria suffered injuries in an automobile accident on January 22, 1987, less than one month prior to the expiration of the covered period she thought she had purchased from State Farm. The Piersons’ suit was filed on January 21, 1992, within five years from the date of the accident. Count I of the complaint sought declaratory relief based upon the assertion that the Piersons had paid a full premium for coverage in the semiannual period August 7, 1986 to February 7, 1987. The Piersons sought PIP benefits in Count II, uninsured or UM benefits in Count III, and Mr. Pierson’s loss of consortium in Count IV.
In addition to their allegations concerning the letter they sent to State Farm and its non-response, the Piersons’ complaint further alleged that the notice they received concerned an additional premium and that State Farm failed to comply with the requirements of section 627.7282, Florida Statutes (Supp.1986), which went into effect in October, 1986. The State Farm notice of cancellation attached to the complaint does not appear to contain the required statutory information. Furthermore, alleged the Piersons, if cancellation were for failure to pay an additional premium, State Farm never returned the unearned premium.
State Farm moved to dismiss the complaint, contending that it had cancelled the policy on December 25, 1986 and that any action for breach of contract arising from the cancellation must be filed within five years of the cancellation date. State Farm’s argument seems logical, and the trial court dismissed the action on statute of limitations grounds.
It is true that in their declaratory judgment count the Piersons anticipated and attempted to foreclose State Farm’s affirmative defense of cancellation; on the other hand, the other counts of their complaint simply sought benefits arising from an insurance contract, an action clearly not *578 barred by the statute of limitations. State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla.1982). They filed their complaint within five years of the accident and alleged that State Farm’s policy was in full force and effect. In spite of the declaratory judgment count, it remained State Farm’s burden to prove cancellation as an affirmative defense to the action on the insurance contract. Cat ’N Fiddle, Inc. v. Century Ins. Co., 213 So.2d 701 (Fla.1968); see also 12A Couch on Insurance 2d § 45:903 (rev. ed. 1981). State Farm is not barred from asserting that defense by a five year statute of limitations, nor is the Piersons’ reply preempted.
The trial court erroneously dismissed the Piersons’ complaint merely because they filed a premature reply to an anticipated defense. Their claim for benefits on the policy is not barred by the statute of limitations.
Reversed and remanded.
CAMPBELL and ALTENBERND, JJ., concur.

. The trial court’s order grants State Farm’s “Motion for Judgment on the Pleadings” and finds the motion to dismiss moot. Although it does not affect the outcome we reach, it is noted that the pleadings were not at the stage where a motion for judgment on the pleadings could be granted. The record does not disclose an answer filed by State Farm. Hence the pleadings were not "closed” within the meaning of rule 1.140(c) of the Florida Rules of Civil Procedure, a circumstance that must exist before such a motion can be considered, let alone granted.