MICKLE, Judge.
Appellants, Ronnie Woodall and his wife Judith Woodall, appeal a final summary judgment declaring their action for uninsured (UM) motorist benefits barred by the statute of limitations. We affirm on the authority of State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla.1982). However, we certify a question of great importance based on the facts of this case.
On December 15, 1987, while insured by the Travelers Indemnity Company (Travelers), Ronnie Woodall was injured in an automobile accident caused by an underinsured motorist. The Travelers policy held by Woo-dall contained the following pertinent provisions:
We will pay damages that the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury suffered by the insured and caused by accident. Liability for such damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

We will make payment under this coverage only after the limits of liability have been used up under all applicable bodily injury liability bonds or policies.

The insured’s right to recover these damages from the owner or operator of an uninsured motor vehicle and the amount of these damages will be agreed to by the insured and us. Disagreement as to such right or amounts of damages will be settled by arbitration upon written request of the insured or us.
* * * * # *

Legal action may not be brought against us under any coverage provided under this policy, unless the insured has fully complied with all the provisions of the policy.

(Emphasis added).
On September 9, 1993, almost six years after the accident, the tortfeasor’s bodily injury liability limit of $10,000.00 was tendered to the Woodalls. Thereafter, the Woodalls submitted a claim for UM coverage under their policy with Travelers. When the claim was denied on November 12, 1993, the Woo-dalls immediately filed the instant lawsuit against Travelers for recovery of UM benefits. Travelers in turn moved for summary judgment on the grounds that the statute of limitations barred the action. The lower *736 court entered summary judgment in favor of Travelers, citing as authority the Florida Supreme Court’s holding in Kilbreath that a cause of action for an uninsured/underin-sured motorist claim arises on the date of the accident with an uninsured/underinsured motorist since the right of action stems from the plaintiffs right of action against the tortfea-sor.
In Kilbreath, the plaintiffs policy language provided that no action shall lie against the insurer unless, as a condition precedent thereto, there shall have been full compliance with the terms of the policy. The two pertinent conditions precedent therein were (1) an effort to agree amicably on the issue of entitlement and amount of damages, and failing that, (2) arbitration. The court held that, while both were conditions precedent to an action against the insurer, neither had any effect on when the cause of action arose. Id. at 634. Sub judice, the Travelers policy contains an additional proviso that payment will be made only after the limits of liability have been used up under all applicable bodily injury liability policies. Arguably, by its very terms, this clause effectively provides that the statute of limitations on the Woo-dalls’ claim for UM benefits was not triggered until Travelers became obligated to make payments under the policy and failed to do so, thereby creating a cause of action on the date the contract was breached. Certainly, it can be argued that while the Woo-dalls were awaiting the offer of the tortfea-sor’s policy limits, they also had the option to file an action against Travelers. However, by the very terms of the Travelers policy, the Woodalls’ opportunity to recover UM benefits was obviated until the tortfeasor’s liability insurer tendered payment. The tortfea-sor’s insurer tendered payment beyond the applicable statutory time limit under Kil-breath, and, when the Woodalls turned to Travelers for recovery, Travelers relied on the statute of limitations as a bar. Uncertain as to whether the court in Kilbreath envisioned such a result, and considering the issue presented in this appeal to be a matter of great public importance, we certify the following question to the Florida Supreme Court:
Whether the holding in Kilbreath applies when a plaintiffs UM policy contains a no-action/exhaustion clause providing that payment will be made only after the limits of liability have been used up under all applicable bodily injury liability policies.
AFFIRMED.
WEBSTER and LAWRENCE, JJ., concur.