JOANOS, Judge.
In 1995, Thomas Vest was killed in an auto accident involving an underinsured motorist. The decedent was insured by Travelers Insurance Company (Travelers), with uninsured/underinsured (UM) motorist coverage in the amount of $200,000.
On March 28,1995, appellant’s counsel notified Travelers that State Farm, the tortfea-sor’s insurer, had tendered its policy limits of $1.1 million in settlement of the Vest wrongful death claim against the tortfeasors. Appellant’s counsel requested authorization to accept those limits, and enclosed Dr. Vest’s 1992 and 1993 tax returns. The letter further states:
As you can see, this claim is worth in excess of Three Million Dollars ($3,000,-000.00). We, therefore, hereby demand that Travelers pay its $200,000.00 in un-derinsured motorist limits.
On May 30, 1995, appellant filed a Civil Remedy Notice of Insurer Violation with the Department of Insurance, with copies to Travelers in Hartford, Connecticut, and Travelers in Tampa. Service was by certified mail, return receipt requested.
On August 9, 1995, appellant filed suit against Travelers. Count I of the complaint alleged that plaintiff had made demand upon Travelers to settle the underinsured motorist claims under decedent’s policy with Travelers, but the parties had not agreed to a settlement. Count II alleged that Travelers had acted in bad faith in failing to pay the policy limits of plaintiffs policy, that plaintiff had filed the 60-day written notice pursuant to section 624.155(l)(b)(l), and the 60 days had elapsed without settlement.
Travelers filed an answer and affirmative defenses, alleging decedent’s comparative negligence with respect to operation and maintenance of his vehicle, and his failure to wear an available and operational seat belt. On November 2, 1995, Travelers filed a motion for summary judgment, on grounds that the complaint failed to allege there had been a determination as to the extent of appellant’s damages; and appellant had not settled her claim with the UM tortfeasor and had filed an action against the third-party tortfeasor. Alleging no UM claim had been perfected, Travelers asserted entitlement to summary final judgment as a matter of law.
At some point, Travelers gave written approval to settle the liability claim against the tortfeasors in accordance with section 627.727(6)(a), Florida Statutes. An order approving the settlement was entered by the circuit court on January 12,1996. On February 22, 1996, Travelers offered appellant its policy limits of $200,000.00. On March 12, 1996, Travelers sent appellant a check for $200,000.00, the UM policy limits in this case.
Travelers again filed motion for summary judgment. Travelers argued:
there was no duty on the part of Travelers to tender its UM policy limits until the plaintiff had reached its settlement with the underlying tortfeasor and the tortfea-sor’s liability insurance carrier had tendered its liability policy limits to the plaintiff. The plaintiffs complaint for bad faith focuses entirely on acts of Travelers before the plaintiff ever settled with the tortfea-sors and before Travelers ever had a duty to pay the UM benefits.
The trial court entered summary final judgment in favor of Travelers. The court ruled that appellant was not legally entitled to recover UM benefits from Travelers until she had settled with the tortfeasors’ carrier for liability policy limits, the suit against Travelers for bad faith was premature, and Travelers duly paid its UM policy limits upon appellant’s settlement with the tortfeasors.
On appeal, appellant argues that the trial court erred in ruling that a cause of action in favor of an insured against his insurer for underinsured motorist benefits does not accrue until resolution of the claim against the tortfeasor. Appellant relies upon State Farm Mutual Automobile Insurance Company v. Kilbreath, 419 So.2d 632 (Fla.1982), to support this proposition.
We concede that Kilbreath squarely supports appellant’s position. However, the is *984 sue upon which this ease turns is not when appellant could have sued appellee for under-insured motorist benefits, but rather, whether appellant had a cause of action for bad faith under section 624.155, Florida Statutes. On this pivotal point, our situation is controlled by Blanchard v. State Farm, Mutual Automobile Insurance Company, 575 So.2d 1289 (Fla.1991), and Imhof v. Nationwide Mutual Insurance Company, 643 So.2d 617 (Fla.1994). Those cases hold that an action for bad faith damages requires a prior determination of the extent of damages suffered by the plaintiff as a result of the uninsured (or underinsured) tortfeasor’s negligence. Consequently, we affirm.
In reaching this result, we are not unmindful of the dilemma that can occur in a case because of the principle set out in Kilbreath, that the cause of action for an uninsured/un-derinsured motorist claim arises on the date of the accident, and the principle pronounced in Blanchard and Imhof concerning when an action for bad faith accrues. Our decision in this case is governed by Blanchard and Imhof
A similar concern was addressed by this court in Woodall v. Travelers Indemnity Company, 695 So.2d 735 (Fla. 1st DCA 1996). The Woodall panel certified a question to the Florida Supreme Court concerning the applicability of the statute of limitations to a UM policy which contained a no-action/exhaustion clause, providing that payment would be made only after the limits of liability had been used up under all applicable bodily injury liability policies. The supreme court held that the holding in Kil-breath still applies to underinsured motorist claims, and the effect of the no-action and exhaustion clauses was to toll the statute of limitations until the insured settled the claim against the tortfeasor’s liability carrier. See Woodall v. Travelers Indemnity Company, 699 So.2d 1361, 1364-1365 (Fla.1997).
Accordingly, we affirm the grant of summary final judgment in favor of Travelers.
BOOTH and WOLF, JJ., concur.