# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-399
Lower Tribunal No. 21-CA-000533

_____

ROSEMARY ARWAY,

Appellant,

v.

PROGRESSIVE AMERICAN INSURANCE COMPANY,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Keith R. Kyle, Judge.

March 1, 2024

GANNAM, J.

Rosemary Arway appeals the entry of summary judgment for Progressive American Insurance Company.[1] The trial court entered summary judgment against Arway on the ground that her claim for underinsured motorist (UM) benefits under an insurance policy issued by Progressive was time barred by a five-year statute of limitations running from the date of Arway's collision with an underinsured, third-

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

party tortfeasor. Progressive's insurance contract with Arway, however, under the holding in *Woodall v. Travelers Indemnity Co.*, 699 So. 2d 1361 (Fla. 1997), tolled the statute of limitations until the tortfeasor's bodily injury (BI) liability insurance benefits were fully paid to Arway. Accordingly, Arway timely filed her UM claim against Progressive, and we reverse and remand for further proceedings.

I.

On August 25, 2015, Arway was seriously injured in an automobile collision with an underinsured motorist. At the time of the collision, Arway was covered under a Florida automobile insurance policy issued by Progressive, which included UM benefits coverage. The UM coverage section of the policy (Part III) included an exhaustion provision, conditioning Progressive's payment of UM benefits on the payment of all BI liability benefits by the underinsured motorist's insurer:

> [Progressive] will pay for damages . . . that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle[2] because of bodily injury: 1. sustained by an insured person; 2. caused by an accident; and 3. arising out of the ownership maintenance, or use of an uninsured motor vehicle.

> [Progressive] will pay under this Part III only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.

---

2 The term "uninsured motor vehicle" is defined in the policy to include an underinsured motor vehicle.

(Emphases removed.) And the policy's "General Provisions" section (Part VII) included a no-action provision, conditioning suit against Progressive on compliance with all policy terms:

> [Progressive] may not be sued unless there is full compliance with all the terms of this policy.

On November 27, 2018, in accordance with the policy, Arway notified Progressive that the underinsured motorist's insurer had tendered its BI coverage limits of $50,000 to settle Arway's claims against the motorist, and Arway requested that Progressive approve the settlement and release of Arway's claims against the motorist. On December 26, 2018 (three years, four months after the collision), Progressive approved the settlement and offered to pay Arway $1,000 to resolve her claim for UM benefits under the Progressive policy. Arway and Progressive traded several additional demands and counteroffers, and on December 21, 2020 (five years, four months after the collision), Arway demanded $150,000 from Progressive to resolve her UM claim. On January 15, 2021, Progressive denied Arway's UM claim on the ground that the statute of limitations had run on August 25, 2020—five years after Arway's collision with the underinsured motorist.

On January 25, 2021, Arway sued Progressive for breach of the policy's UM provisions. The trial court held Arway's UM claim time barred and entered final summary judgment for Progressive on March 15, 2022. Arway timely appealed the judgment.

3

II.

A.

Whether Arway's UM claim was barred by the applicable statute of limitations is a question of law we review de novo. *See Maki v. NCP Bayou 2, LLC*, 368 So. 3d 1081, 1084 (Fla. 6th DCA 2023); *see also Fiddlesticks Country Club, Inc. v. Shaw*, 363 So. 3d 1177, 1181 (Fla. 6th DCA 2023) ("Because this presents a purely legal issue, we review the order granting summary judgment de novo.").

B.

The trial court correctly determined that Arway's UM claim is governed by the five-year statute of limitations for actions on written contracts under section 95.11(2)(b), Florida Statutes, running from the date of Arway's collision with the underinsured motorist. *See Woodall v. Travelers Indem. Co.*, 699 So. 2d 1361, 1362–63, 1362 n.2 (Fla. 1997). But the trial court erred in holding Arway's UM claim time barred because, under *Woodall*, the exhaustion and no-action provisions of the Progressive policy tolled the statute of limitations until the underinsured motorist's BI liability insurance benefits were fully paid to Arway. *See* 699 So. 2d at 1363–65.

Under general contract principles, a cause of action for breach accrues, and the statute of limitations begins to run, when an action can be brought on the contract. *See State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996). And we

4

interpret insurance contracts according to their plain language. *See Auto-Owners Ins. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). Under the plain language of Arway's policy, exhaustion of the tortfeasor's BI liability limits by payment to Arway, whether by judgment or settlement, is a condition precedent to Progressive's obligation to pay UM benefits to Arway. Moreover, under the no-action provision of the policy, any action by Arway against Progressive is conditioned on "full compliance with all the terms of th[e] policy." Thus, under general contract principles and the policy's plain language, Arway's cause of action against Progressive for breach of its UM payment obligations could not accrue, and the statute of limitations could not begin to run, until after payment of the tortfeasor's BI liability limits to Arway by judgment or settlement.

For UM claims, however, the accrual rule is different:

> The cause of action for [a UM claim] arises on the date of the accident with an uninsured/underinsured motorist since the right of action stems from the plaintiff's right of action against the tortfeasor. The statute of limitations thus begins to run on the date of the accident rather than on the date of compliance with the conditions precedent contained in the insuring agreement.

*State Farm Mut. Auto. Ins. Co. v. Kilbreath*, 419 So. 2d 632, 633 (Fla. 1982). So, how can we reconcile this holding with the exhaustion and no-action provisions in Arway's UM policy? The supreme court provided the answer in *Woodall*, where it considered cognate provisions in a Travelers insurance policy. The court held, "the

5

effect of the no-action and exhaustion clauses was to toll the statute of limitations until the insured settled its claim against the tortfeasor's liability carrier." 699 So. 2d at 1364–65.

The exhaustion and no-action provisions in the *Woodall* Travelers policy are functionally identical to the provisions in Arway's Progressive policy. The Travelers exhaustion provision provided, in pertinent part:

> [Travelers] will pay damages that the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury suffered by the insured and caused by accident. Liability for such damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
>
> [Travelers] will make payment under this coverage only after the limits of liability have been used up under all applicable bodily injury liability bonds or policies.

699 So. 2d at 1364 (cleaned up). The Travelers no-action provision provided:

> Legal action may not be brought against [Travelers] under any coverage provided under this policy, unless the insured has fully complied with all the provisions of the policy.

*Id.* (cleaned up). Analyzing this language under the date-of-collision accrual rule for UM claims, the *Woodall* court held, "the language of the Travelers policy had the effect of tolling the statute of limitations until such time as the [insureds] received payment from [the tortfeasor's] liability carrier." *Id.*

6

The *Woodall* court, however, also upheld another aspect of the special accrual rule for UM claims, explaining, "it is well established that an injured party may directly pursue a claim against its [UM] carrier, without having to first resolve the claim against the tortfeasor's liability carrier." *Id.* at 1363. Thus, an insured "need not run the risk of having the statute of limitations run while waiting for the tortfeasor's liability carrier to respond." *Id.* Given this rule, Travelers argued its own policy provisions, requiring its insureds to wait on payment by the tortfeasor's liability carrier, were void as against public policy. *Id.* at 1364. But the supreme court was "singularly unimpressed" with the argument "that an insurer may include a provision in its policy and later claim that the insured cannot rely on the terms of that provision because the provision was invalid," concluding, "Travelers cannot disavow the provisions of its own policy." *Id.*

## III.

The exhaustion and no-action provisions of Arway's Progressive policy are functionally identical to the *Woodall* Travelers policy. Thus, *Woodall* requires us to hold that the exhaustion and no-action provisions of Arway's Progressive policy effectively tolled the statute of limitations until Arway received payment from the tortfeasor's BI liability carrier. *Woodall* also counsels that Arway could have sued Progressive without waiting for payment from the liability carrier, but she was not required to because the statute of limitations was tolled until the liability carrier paid.

7

Arway sued Progressive less than two years after Progressive approved Arway's settlement with the tortfeasor's liability carrier, which was well within the applicable five-year statute of limitations as tolled by the policy language. Accordingly, we reverse the trial court's summary judgment against Arway and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

TRAVER, C.J., and STARGEL, J., concur.


Alexander L. Brockmeyer, Thomas E. Shepard, and Gregory L. Evans, of Boyle, Leonard & Anderson, P.A., Fort Myers, for Appellant.

Kansas R. Gooden, of Boyd & Jenerette, P.A., Miami, and Matthew D. Cavender, of Boyd & Jenerette, P.A., Jacksonville, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED