In the Matter of the Arbitration between VICTOR LA MARSH et al., Petitioners, and MARYLAND CASUALTY COMPANY, Respondent.

Supreme Court, Special Term, Queens County, June 20, 1962.

*Millard N. Bush* for respondent. *Barry, Treanor, Shandell & Brophy* for petitioners.

GEORGE P. STIER, J. Motion by the respondent Maryland Casualty Company to stay arbitration of a dispute arising out of an uninsured motorist indorsement to an automobile liability policy issued by the respondent.

The petitioners are Victor La Marsh, the named insured as defined in the said indorsement, and Anna Livingston, another person occupying the insured automobile while it was being used by the named insured.

The petitioners were injured in an accident on April 17, 1956, allegedly caused by the operator of an uninsured vehicle. On May 9, 1956, the attorneys then representing the petitioners wrote to the respondent giving notice of the accident and requesting the necessary claim forms. The petitioners' present attorneys wrote the respondent on August 8, 1956, reminding it of the letter of May 9, 1956, and notifying that company that they intended to take the matter to arbitration. These attorneys also enclosed a copy of a summons and complaint in an action by the petitioners and others against the uninsured motorist.

Maryland Casualty Company never responded to these notices. On April 5, 1962, the petitioners formally demanded arbitration before the Accident Claims Tribunal of the American Arbitration Association. The instant notice of motion was served by mail on April 27, 1962.

Respondent contends that the claims are barred by the Statute of Limitations; that the petitioners have breached Conditions Nos. 1, 2 and 4 of the indorsement; that its right to bring a subrogation action against the uninsured motorist has been prejudiced by the petitioners' failure to demand arbitration prior to the expiration of the Statute of Limitations on their cause of action against the said uninsured motorist; and that the claimant Anna Livingston is not a person covered by the uninsured motorist indorsement.

Section 1458-a of the Civil Practice Act provides that "A motion to compel arbitration shall be denied, and a motion to stay arbitration granted, if at the time of the giving of notice of intention to arbitrate, or of the making of a demand for arbitration, the claim sought to be arbitrated would be barred by an existing statute of limitations if such a claim were asserted in an action in a court of this state."

The claim herein, which is upon a contractual obligation, would not be barred if it were asserted in an action in a court of this State since arbitration was demanded less than six years after the accrual of the petitioners' cause of action. (Civ. Prac. Act., § 48, subd. 1.) Accordingly, arbitration is not barred by the Statute of Limitations.

Condition No. 1 of the indorsement provides for proof of claim to the insurance company. The respondent's motion papers fail to demonstrate that the petitioners have breached this condition. Written notice was given shortly after the accident and claim forms were requested. Respondent never demanded that proof of claim be made under oath, that medical reports be furnished or that the claimants submit to a medical examination. Moreover, respondent failed to furnish claim forms within 15 days after the notice of claim was received. Under the provisions of Condition No. 1, all the petitioners were required to do was to notify the company in writing as soon as practicable. That this condition was fulfilled is not denied. Petitioners were not bound to perform any other acts until requested by the respondent. Since the respondent never requested anything of the petitioners, it is clear that the latter have not breached this condition.

Condition No. 2 requires a claimant to furnish the respondent with a copy of any summons and complaint served by the claimant upon a third party. It appears from the respondent's own papers that copies thereof were so furnished. Accordingly, Condition No. 2 has not been breached.

Condition No. 4 states that "No action shall lie against the company unless, as a condition precedent thereto, there shall

have been full compliance with all the terms of this endorsement.'' Aside from the unsupported contention that Conditions Nos. 1 and 2 were breached, respondent offers no proof or even an indication that the petitioners have failed to comply fully with the terms of the indorsement. Since there was no breach of Conditions Nos. 1 and 2, there was no breach of Condition No. 4.

Any prejudice to the respondent with respect to its right to proceed by way of subrogation against the uninsured motorist has been occasioned by its own neglect. Had it diligently handled the claim in accordance with the provisions of the indorsement, any payment it might have to make probably would have been made within three years after the accident.

Respondent's final contention that claimant Anna Livingston is not a person covered by the indorsement is also without merit.

The indorsement defines an insured as '' (2) any other person while in or upon or while entering into or alighting from the insured automobile, provided the automobile is being used by the named insured ''. Respondent does not deny that at the time of the accident Anna Livingston was a passenger in the insured automobile while it was being used by the named insured. The contention that this petitioner is not covered, inasmuch as she had a cause of action against the other claimant as owner and operator of the vehicle in which she was a passenger, is unsupported by any of the terms or conditions of the indorsement. The motion is denied.