Anthony M. Livoti, J.
Motion by respondent Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC) for a stay of arbitration on the ground that the claimant [petitioner] has failed to serve a demand for arbitration prior to the expiration of the Statute of Limitations.
Claimant is an “insured” person and claimant’s insurance carrier an “ insurer ” under the provisions of section 601 of the' Insurance Law. On December 27, 1959, the insured was involved in an automobile accident allegedly caused by an uninsured motorist. On May 23, 1963, she served a demand for arbitration, dated April 3, 1963, upon respondent, pursuant to the terms of the accident indemnification endorsement contained in her automobile liability policy issued by the insurer.
The aforesaid endorsement is an agreement between the insured and the insurer under which the latter agrees, in consideration for the payment of a premium by the former, that there be paid to the insured, subject to the terms and conditions prescribed by the board of directors of MVAIC and approved by the Superintendent of Insurance, all sums to which she may become entitled subject to a prescribed maximum limit. (Insurance Law, § 167, subd. 2-a.) The insurer must (1) insert a provision to that effect in the contract of insurance (Insurance Law, § 167, subd. 2-a) and (2) be a member of MVAIC in order to issue an automobile liability insurance policy (Insurance Law, § 602). MVAIC, acting on behalf of the insurer and for the benefit of the insured (Insurance Law, § 605), is the agency through which the insured must process her claim pursuant to and in compliance with the provisions of the endorsement, with *971 respect to, inter alia, notice, statements, examinations, maximum amount recoverable and submission of claims to arbitration.
The sole issue to be determined herein is whether the three-year Statute of Limitations, relating to negligence actions (Civ. Prac. Act, § 49, subd. 6; cf. CPLR, § 214, subd. 5), or the six-year Statute of Limitations, relating to contract actions (Civ. Prac. Act, § 48, subd. 1; cf. CPLR, § 213, subd. 2), applies to the instant claim. In the event the former applies, the claim would be barred, whereas, if the latter were applicable, it would not. It is the opinion of the court that the latter statute is applicable and that the claim herein is not barred.
Although “ a tortious act of a third party gives rise to the rights under the contract” (Matter of Ceccarelli [Travelers Ind. Co.], 204 N. Y. S. 2d 550, 552), the claim herein is not based upon tort, but upon a contractual obligation. (Cf. Matter of La Marsh [Maryland Cas. Co.], 35 Misc 2d 641; Matter of Travelers Ind. Co. [De Bose], 226 N. Y. S. 2d 16.) In the absence of a provision “ in the contract setting a time limitation for instituting arbitration proceedings, the six year statute applies.” (Matter of Travelers Ind. Co., supra, p. 20.)
Accordingly, the motion is denied.