EDWARD R. SCHLEIF, Plaintiff in Error,

*v.*

HARDWARE DEALER'S MUTUAL FIRE INSURANCE COMPANY,
Defendant in Error.

ADDIE R. SCHLEIF, Plaintiff in Error,

*v.*

HARDWARE DEALER'S MUTUAL FIRE INSURANCE COMPANY,
Defendant in Error.

404 S.W.2d 490.

(*Knoxville,* September Term, 1965.)

Opinion filed June 8, 1966.

WILLIAM R. WEEKS, II, Chattanooga, WAGNER, WEEKS & NELSON, Chattanooga, of counsel, for plaintiff in error.

HARRY WEILL, Chattanooga, RORERTS, WEILL & ELLIS, Chattanooga, of counsel, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case presents for determination a procedural dispute under the Uninsured Motorist Coverage of an automobile insurance policy. The question is whether the tort action statute of limitations of one year or the contract action statute of limitations of six years applies in a suit by the insured against his insuror for injuries suffered in an accident with an uninsured hit-and-run motorist.

The question is before this Court on an appeal from the trial court's sustaining of a demurrer to the declarations of the insured parties.

According to the declarations, the two plaintiffs were injured in an automobile accident on April 7, 1964, when their car was struck by a hit-and-run driver. Plaintiff Edward R. Schleif was driving; his wife, plaintiff Addie R. Schleif, was a passenger. Plaintiffs made prompt claims with defendant insurance company and cooperated with defendant's adjuster-agent in the investigation of the case. On January 14, 1965, Plaintiffs' attorneys notified the adjuster that he was taking too much time and that they should settle the case. On January 15, the adjuster orally agreed to pay medical and disability benefits under another clause in the policy, but stated that the insurance company was denying liability under the Uninsured Motorist Coverage clause. This suit was then instituted on May 26, 1965, over a year after the accident occurred.

Under the Uninsured Motorist Coverage of the policy in question, the insuror agrees:

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured anto-

> mobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or, if they fail to agree, by arbitration.

An ''uninsured automobile'' also includes a ''hit-and-run automobile.''

The ground for demurrer is that plaintiffs' cause of action is essentially in tort and is barred by the tort statute of limitations of one year.

■ Provisions regarding coverage for injuries sustained in accidents with uninsured motorists are of relative recent origin in insurance policies. The provision of the instant case is apparently standard with many companies. There is, however, no provision as to what statute of limitations will be applied in actions to recover under this provision. No case in this State, and very few in any other state, have spoken to the point. Nevertheless, from our investigation of the law and the peculiar facts of this case, we are persuaded that the plaintiffs' cause of action is on the insurance contract and thus governed by the six-year statute of limitations in this State. T.C.A. sec. 28-309.

It has been held that in the ordinary case where an uninsured motorist, identifiable and accessible, injures the insured in an automobile accident, the six-year contract statute of limitations applies as to when the insured can demand arbitration proceedings under the Uninsured

Motorist Clause. *In re Motor Vehicle Indemn. Corp.*, 40 Misc.2d 970, 244 N.Y.S.2d 154 (1963); *Application of Travelers Indemn. Co.*, 226 N.Y.S.2d 16 (N.Y.S.Ct.1962). In *Hill v. Seaboard Fire & Marine Ins. Co.*, 374 S.W.2d 606 (Mo.App.1963), it was stated that a suit to recover under this provision is not a tort action.

> * * * merely because the insured under the terms of the contract sued on must show he is entitled to recover damages from the owner or operator of an uninsured automobile, * * *

but it is rather action on the contract.

It has indeed been argued that where arbitration is demanded after the period of limitations for action against the uninsured motorist has lapsed, that arbitration is barred because plaintiff's rights under the insurance contract clause are based on such sums as could legally be asserted against the uninsured motorist. Kuvin, "The Effect on Uninsured Motorist Proceedings of: Statute of Limitations, etc.," 29 Ins. Counsel J. 127 (1962). However, plaintiffs' tort rights against the uninsured motorist, while theoretically available, would in reality be without an accompanying remedy were it not for the contract with defendant.

Defendant cites a number of Tennessee cases involving what was claimed to be a suit on a contract, but which was essentially a suit to recover from the tort-feasor for tortious injury. *Bodne v. Austin*, 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (1928), and *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212 (1955), were malpractice suits in which plaintiff tried to change the "theory" of his cause of action from one of tort to one of breach of the contract of employment. In *State ex rel. v.*

*Head,* 194 Tenn. 576, 253 S.W.2d 756 (1952), plaintiff sued a sheriff and his surety for injuries inflicted tortiously by the sheriff; the court obviously held that this was tort action—the surety, of course, had no contract relationship with plaintiff. In *Hackworth v. Ralston Purina Co.,* 214 Tenn. 506, 381 S.W.2d 292 (1964), plaintiff was suing the tort-feasor for breach of warranty, a products' liability claim; it was held that the gravamen of the suit was for tortious injury.

The instant case is not based on a suretyship arrangement between insured and tortfeasor; it is based on a direct contractual relationship between insured and insuror. Nor is it a warranty arrangement, such as in the Ralston Purina case, where the obligor's breach of duty to the obligee was the tort itself. The instant case is not one of those cases where plaintiffs could have a choice of remedies to the prejudice of the insurer.

As stated before, *Bland v. Smith,* supra, is not here in point. However, it does make this statement which seems, by itself, to uphold defendant's theory of the instant case:

> This six-year statute of limitations is only applied in cases where the whole basis of recovery is sought on contract and no element of personal injuries is involved.

*Jackson v. Kemp,* 211 Tenn. 438, 365 S.W.2d 437 (1963), cited in both counsel's briefs, is also not directly in point, since it was a suit on a promise made in exchange for forbearance not to commence an action on a tort claim. It is pertinent to the instant case only in the respect that it involves action on a contract to recover for what are essentially tort damages. We held there that the contract limitation period applied. We cite and re-approve it here

only for the proposition that there are instances where the gravamen of the action does not depend on what the damages are and how they are measured. In this respect it must be held to qualify the above statement from *Bland v. Smith,* supra.

■ Admittedly, one of the reasons for having a much shorter statute of limitation for tort actions than for contract actions is that evidence, from human memories, of circumstances giving rise to a cause of action in tort is not as easily preserved as the written evidence of contract provisions. This rule was designed for, among other reasons, the protection of both plaintiff and defendant from unreliable evidence. *Hackworth v. Ralston Purina Co.,* supra.

However, such reasoning should be applied only secondarily in light of these considerations in the instant case: (1) plaintiffs' only action for redress of injuries is on the contract with the insurance company, the hit-and-run driver being inaccessible for suit; (2) the insurance company is not the tort-feasor, its liability arises solely from the contract and not from a breach of any common law duty to refrain from tortious injury to a person; (3) the hit-and-run driver being inaccessible, defendant has had no subrogation rights which could have been prejudiced by plaintiffs' failure to bring suit within one year.

■ Where the parties are unable to agree, the policy clause under consideration calls for arbitration of the issues of whether plaintiffs are entitled to recover damages and, if so, how much. There is nothing in this record to indicate that either party has demanded arbitration. However, the insurance company, through its agent, has

denied liability—or rather denied coverage. It has been held that where the company denies liability under the Uninsured Motorist Coverage clause, the arbitration provision is not enforceable. *Hill v. Seaboard Fire & Marine Ins. Co.,* supra. While we do not say that under other circumstances arbitration would not be proper, we do say that the courts of this State are as well qualified as any arbitrator to settle the dispute where the defendant refuses to negotiate any responsibility under this portion of the policy. Plaintiffs' suit at this time is, therefore, an altogether proper remedy.

Since we now hold that the six-year contract statute of limitations applies to this remedy, it is unnecessary to discuss plaintiffs in error's other assignments of error regarding tolling of the one-year statute and estoppel of the defendant insurance company.

Reversed and remanded for further action not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.