138 N.J. Super. 287 (1975)
350 A.2d 526
SELECTED RISKS INSURANCE COMPANY, PLAINTIFF,
v.
HARRY DIEROLF, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 19, 1975.
*289 Mr. James J. Cook for plaintiff (Messrs. Kisselman, Deighan, Montano & Summers, attorneys).
Mr. Harry L. Shaw, attorney for defendant.
PEEL, J.S.C.
This is an action for declaratory and injunctive relief in which plaintiff Selected Risks Insurance Company seeks to prevent arbitration of an uninsured motorist claim by its insured, defendant Harry Dierolf. The question *290 presented is whether the two-year tort or the six-year contract statute of limitations governs a demand for arbitration under an uninsured motorist endorsement.
The facts are not in dispute. Defendant Dierolf, a resident of New Jersey, sustained personal injuries when involved in an auto accident with an uninsured driver in Pennsylvania on June 13, 1969. At that time Dierolf had automobile liability insurance with uninsured motorist coverage for out-of-state accidents under a policy issued by plaintiff Selected Risks covering the period from October 16, 1968 to October 16, 1969. Dierolf, through his attorney wrote to Selected Risks on July 8, August 8 and October 15, 1969, advising his insurer of the accident. These letters included the date, place and time of the accident, the claim that defendant sustained physical injury and property damage, that efforts to contact the other driver had failed, and the assertion that Dierolf might be forced to make a claim under the policy's uninsured motorist endorsement. By letters of April 14 and May 14, 1971 defendant's attorney informed Selected Risks of defendant's medical costs. On April 19, 1971 defendant filed an action in the Pennsylvania courts against the uninsured motorist. The only correspondence between the parties from May 14, 1971 to February 16, 1972 was plaintiff's letter acknowledging receipt of defendant's listing of medical costs and other correspondence directed at clarifying who was representing defendant. On February 16, 1972 some two years and eight months after the accident, Dierolf, by letter, made his formal demand for arbitration of his uninsured motorist claim. Thereafter plaintiff instituted this action for a declaration that the claim is barred by the statute of limitations and for a restraint upon arbitration of that claim. Pending the outcome of this action the arbitrable issues remain unresolved.
Selected Risks contends that N.J.S.A. 2A:14-2, the two-year statute of limitations, governs defendant's claim. Plaintiff argues that its endorsement allows recovery only for sums that the insured is "legally entitled to recover"; that *291 a claimant under that endorsement must establish all of the elements of a tort action to obtain recovery, and in such an action failure to comply with the tort statute of limitations would be a bar to recovery; that therefore a claimant who fails to comply with the statute is not "legally entitled to recover" under the endorsement. Plaintiff further argues that once the statute has been permitted to run, as here, plaintiff's subrogation rights under the endorsement may be prejudiced.
Defendant's argument that N.J.S.A. 2A:14-1, the six-year statute of limitations, governs his claim, is premised upon the view that an insurer's liability for the tort of another is created by contract; that the arbitration procedure is a term of that contract, and a demand for arbitration is an action in contract governed by the statute of limitations applicable to contracts.
Selected Risks' policy provision regarding arbitration of claims under the uninsured motorist endorsement is silent with respect to the issue of when demand for arbitration is to be made. That provision in its entirety provides:
8. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.
Similarly, N.J.S.A. 17:28-1.1, the statutory foundation for uninsured motorist coverage,[1] is silent as to that issue. *292 The litigants, being unable to cite any New Jersey case law dispositive of the issue as to which statute governs, are in agreement that this is an issue of first impression for the New Jersey courts.
The applicability of statutes of limitation to insurance actions has been dealt with generally in a case, cited by plaintiff, which is distinguishable on both the facts and the issue under litigation. In the context of an action by a judgment creditor against an insurance company filed eight years after a judgment, the court in Breen v. N.J. Mfrs. Indem. Ins. Co., 105 N.J. Super. 302 (Law Div. 1969) aff'd 109 N.J. Super. 473 (App. Div. 1970), said:
"As a general rule statutes of limitation applicable to contracts govern actions on insurance * * *." 53 C.J.S., Limitations of Actions, § 44, at 997. The situation most common is where the insured is injured by an uninsured motorist and attempts to recover under the uninsured motorist provision of his policy. Those cases have held that the contract statute of limitations applied rather than the statute of limitations applicable to torts. DeLuca v. Motor Vehicle Acc. Indemnity Corp., 17 N.J.2d 76, 268 N.Y.S.2d 289, 291, 215 N.E.2d 482 (1966); Schlief v. Hardware Dealer's Mutual Fire Ins. Co., 218 Tenn. 289, 404 S.W.2d 490, 491 (1966); Hartford Acc. & Indemnity Co. v. Mason, 210 So.2d 474, 475 (Fla. App. 1968); 14 Fla. L. Rev. 455, 471 (1962); 24 Ohio L. Jour. 589, 591 (1963); 48 Calif. L. Rev. 516, 531 (1960). [at 309]
Although the court in Breen was not dealing with a claim under an uninsured motorist endorsement, the case law cited in the above quotation appears to reflect the majority view of those jurisdictions which have ruled upon the statute of limitations which, absent an express statute, governs an uninsured motorist endorsement, whether in the context of a demand for arbitration or the institution of court action. Further authority for this view is found in Annotation, *293 "Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause," 28 A.L.R.3d 580, 585 (1969).
Plaintiff's contention that the phrase, "legally entitled to recover," renders a demand for arbitration valid only as long as a tort action would be valid, is not persuasive. The term "legal entitlement," in the context of arbitration, has a specific content more narrow than envisaged by plaintiff. Interpreting a substantially equivalent arbitration provision, the Appellate Division has recently held in Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185 (1975), that:
* * * the arbitration provision in the policy [is] to be limited to a determination of two fact questions, namely, the issue of fault and damages. [at 187]
The basis for arbitration is disagreement as to legal entitlement to recover and the amount of recovery. Based upon the holding of Schulz, this court interprets the term legal entitlement to be synonymous with the factual issue of fault. Arbitration of legal entitlement does not encompass consideration of a statute of limitations. Extension of the import of that phrase to include a claimant's compliance with such statute is inappropriate in the context of arbitration. Legal entitlement in that context is a factual issue which cannot include compliance with a statute of limitations, a legal issue. See Annotation, "What Issues are Arbitrable Under Arbitration Provision of Uninsured Motorist Insurance," 29 A.L.R.3d 328, 351 (1970).
Turning to public policy considerations, the court remains unpersuaded that the two-year statute should govern a demand for arbitration under an uninsured motorist endorsement. A claimant of course has the option of suing an identifiable uninsured motorist, but the likelihood of recovery upon a favorable judgment against one in that status is often speculative at best. N.J.S.A. 17:28-1.1 provides an injured claimant with a means of obtaining compensation *294 which avoids the possibility of having a right without a remedy. State Farm Mut. Auto. v. Toro, 127 N.J. Super. 223, 229 (Law Div. 1974). This is negated when the right to demand arbitration is made derivative of the right to institute court action. When the other motorist's identity is unknown, it is even less persuasive.
The procedural changes which have resulted from the enactment of N.J.S.A. 17:28-1.1 make this more apparent. Under N.J.S.A. 39:6-65 of the Unsatisfied Claim and Judgment Fund Law, the statute which previously would have governed defendant's attempts at recovery, successful court action was a condition precedent to application for payment from the Fund. N.J.S.A. 17:28-1.1, as implemented by the Commissioner of Insurance, imposes no such condition precedent to compensation for injuries caused by an uninsured motorist. The claimant need only submit his claim to the insurer and, in the event of disagreement as to liability or damages or both, the claimant and the insurer must submit to binding arbitration. It is only when the insurer denies a claimant's demand for arbitration that the forum for resolution of the dispute becomes the courts. Since court action is not a prerequisite to recovery, it would seem incongruous to impose upon the arbitration procedure a condition precedent which has relevancy only in the context of a tort action in the courts. As stated by the court in DeLuca v. Motor Vehicle Acc. Indem. Corp., 268 N.Y.S.2d 289, 215 N.E.2d 482, when dealing with a similar contention as to the nexus between the phrase "legally entitled to recover" and the tort statute of limitations:
The provision was not designed to bar arbitration * * * merely because the tort-feasor, had he been sued at law, could have asserted the Statute of Limitations in defense. [268 N.Y.S.2d at 292, 215 N.E.2d at 484]
Support for the view favoring the contract statute of limitations is also found in the very nature of the uninsured motorist endorsement contained in plaintiff's policy. *295 It was an indemnification agreement for which defendant, at his option, paid an additional premium. Absent that agreement, the insured would have no claim against the insurer and the insurer would have no liability to the insured for indemnification. Upon the basis of that agreement defendant now seeks compensation through the arbitration process. Whether the insurer must provide access to arbitration under the agreement is a question which concerns the context of the agreement. As such, the statute of limitations established by N.J.S.A. 2A:14-1 governs. Since defendant made his demand for arbitration as provided in the endorsement and since that demand was made well within the six-year period, defendant Dierolf's access to arbitration is not barred by N.J.S.A. 2A:14-1.
Plaintiff's final argument is that its subrogation rights under the policy may have been prejudiced by defendant's failure to demand arbitration within the two-year period. As stated previously, the institution of court action is not a prerequisite to obtaining compensation under the endorsement. Section 4 of plaintiff's endorsement under "Conditions," entitled "Assistance and Cooperation of the Insured" states that:
After notice of claim under this endorsement, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury * * *" [Emphasis supplied]
In the event payment to a claimant is made under the endorsement, by virtue of the trust agreement contained in the endorsement, the insurer is to be reimbursed for the payment from the proceeds of any judgment or settlement obtained.
In this instance the insurer had notice of a claim shortly after the accident. But notice of a claim is not equivalent to a demand for arbitration since arbitration is to be resorted to only if the carrier and its insured fail to *296 agree as to fault or damages. See Schulz, supra. By virtue of section 1, "Policy Provisions," of "Conditions" in the endorsement, the condition "Notice of Accident" found in the basic policy applies to the endorsement. It provides:
When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
Clearly, defendant Dierolf had provided his insurer adequate notice of a claim under the endorsement by his letters of July 8, August 8 and October 15, 1969. The insurer could have required defendant "to take such action as may be necessary or appropriate" to protect its rights. The insurer chose to sit on that right until the formal demand for arbitration was received well after the two-year period had expired. Defendant, apparently on his own initiative, did institute action in the Pennsylvania courts against the uninsured motorist within the two-year period. Regardless of whether that action was sufficient to provide plaintiff adequate protection as to its subrogation rights, plaintiff cannot now claim that since it made no demand upon its insured during the two-year period, its insured is now barred from demanding arbitration. One of the functions of the notice provision of an insurance policy is to bring to the insurer's attention the possible existence of subrogated rights. By virtue of the Cooperation provision of the endorsement, quoted above, the initial responsibility to act to protect subrogated rights is upon the insurer. To hold otherwise would penalize a claimant for his insurer's failure to act under its own cooperation provision.
Defendant Dierolf's demand for arbitration under Selected Risks' uninsured motorist endorsement is not governed by the statute of limitations applicable to torts and he may not be denied access to arbitration of his claim on *297 the basis of that statute. Any previous restraints upon that arbitration are hereby dissolved. Plaintiff's request for declaratory and injunctive relief is denied.
NOTES
[1] Although N.J.S.A. 17:28-1.1 took effect April 2, 1969, half-way through the period of the policy under examination here, the relevant terms of that policy endorsement are substantially equivalent to, if not exactly the same as, the standard endorsement form approved by the Commissioner of Insurance in implementing the statute. See Stanton, "Protection against Uninsured Motorists in New Jersey," 3 Seton Hall L. Rev. 19, 55 (1971).