BARBARA E. MURPHY, Plaintiff-Appellee, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellant.

Fifth District    No. 83—74

Opinion filed December 8, 1983.

John E. Jacobsen and Carl L. Favreau, both of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellant.

Donald R. Brandon, of Craig, Brandon and Murphy, of Herrin, for appellee.

JUSTICE JONES delivered the opinion of the court:

At issue in the instant appeal is whether the plaintiff's action to compel arbitration of her uninsured motorist claim against the defendant insurance company is governed by the two-year statute of limitations applicable to personal injury actions (Ill. Rev. Stat. 1981, ch. 83, par. 15, now Ill. Rev. Stat. 1981, ch. 110, par. 13—202) or by the 10-year statute of limitations applicable to contract actions (Ill. Rev. Stat. 1981, ch. 83, par. 17, now Ill. Rev. Stat. 1981, ch. 110, par. 13—206). The trial court ruled that the plaintiff's action was not barred by the two-year statute of limitations for personal injury actions and ordered the defendant to submit the plaintiff's claim to arbitration as provided by the insurance contract between the parties. We affirm.

On September 10, 1979, the plaintiff, Barbara Murphy, was involved in an automobile accident with Delores Mulkins, who was later certified by the Illinois Department of Transportation as an uninsured motorist. At the time of the accident the plaintiff was covered by a policy of insurance issued by the defendant, United States Fidelity and Guaranty Company. Under the policy the defendant was obligated "to pay all sums which the insured *** shall be legally entitled to recover as damages from [an uninsured motorist] because of bodily injury sustained by the insured ***." The policy further provided that a determination as to whether the insured was legally entitled to recover such damages and the amount thereof was to be made by agreement between the insured and the company or, if they failed to agree, by arbitration. The policy contained no provision as to when such a demand for arbitration should be made.

The parties were unable to agree regarding the plaintiff's claim for uninsured motorist benefits, and, on September 23, 1981, the plaintiff made a written demand to the defendant for arbitration of her claim. When the defendant refused to submit to arbitration, the plaintiff, on December 1, 1981, filed a petition to compel arbitration against the defendant in the circuit court of Williamson County. The defendant filed a motion to dismiss the plaintiff's petition because the petition was filed more than two years after the accident in question. The defendant contended that since it was obligated to pay to its insured only such sums as the insured was legally entitled to recover from the uninsured motorist, and since the plaintiff's claim against the uninsured motorist was barred by the two-year statute of limitations for personal injury actions, the plaintiff could no longer seek to recover from the defendant under the uninsured motorist provisions of her policy.

The defendant's motion to dismiss was denied by the trial court, and the cause proceeded to trial. At the close of the plaintiff's case the defendant filed a motion for judgment in its favor in which it again raised the statute of limitations issue. The court denied the motion, ruling that the case was governed by the statute of limitations for contract actions because the plaintiff's cause of action arose out of the contractual obligation of the defendant insurer to pay damages caused by the negligence of an uninsured motorist. The court entered judgment for the plaintiff, and the defendant has appealed from that judgment.

On appeal the defendant contends that the policy language obligating it to pay those amounts that the plaintiff was "legally entitled to recover" from an uninsured motorist effectively precluded the

plaintiff from seeking recovery from the defendant once the two-year period for filing an action against the uninsured motorist had passed. Since, the defendant asserts, the plaintiff's claim for uninsured motorist benefits under the policy depended upon her ability to recover against the uninsured motorist for injuries sustained in the accident, the instant action by the plaintiff must be governed by the statute of limitations applicable to personal injury actions rather than that applicable to contract actions. The defendant urges that this result is not only mandated by the essential nature of the claim involved but is also consistent with the legislative purpose behind the statute providing for uninsured motorist coverage (Ill. Rev. Stat. 1981, ch. 73, par. 755(a)) and is necessary to protect the subrogation rights of an insurer against an uninsured motorist.

In other jurisdictions where courts have considered the applicable statute of limitations for making a claim based upon uninsured motorist insurance, it has been generally held that such claims are governed by the contract rather than the tort statute of limitations. (See Annot., 28 A.L.R.3d 580, 584-87 (1969 & Supp. 1983); Widiss, A Guide to Uninsured Motorist Coverage sec. 2.25 (1969 & Supp. 1981); *Booth v. Fireman's Fund Insurance Co.* (1968), 253 La. 521, 218 So. 2d 580; *Schleif v. Hardware Dealer's Mutual Fire Insurance Co.* (1966), 218 Tenn. 489, 404 S.W.2d 490; *DeLuca v. Motor Vehicle Accident Indemnification Corp.* (1966), 17 N.Y.2d 76, 215 N.E.2d 482, 268 N.Y.S.2d 289; *Lemrick v. Grinnell Mutual Reinsurance Co.* (Iowa 1978), 263 N.W.2d 714; *Pickering v. American Employers Insurance Co.* (1971), 109 R.I. 143, 282 A.2d 584; *Franco v. Allstate Insurance Co.* (Tex. 1974), 505 S.W.2d 789; *North River Insurance Co. v. Kowaleski* (1976), 275 Or. 531, 551 P.2d 1286; *Sahloff v. Western Casualty & Surety Co.* (1969), 45 Wis. 2d 60, 171 N.W.2d 914; contra, *Vaughn v. Collum* (1976), 236 Ga. 582, 224 S.E.2d 416; *Brown v. Lumbermens Mutual Casualty Co.* (1974), 285 N.C. 313, 204 S.E.2d 829.) The Illinois appellate court has likewise held that, in the absence of a specific statutory provision regarding the period within which uninsured motorist claims must be brought, the statute of limitations to file contract actions must govern. (*Burgo v. Illinois Farmers Insurance Co.* (1972), 8 Ill. App. 3d 259, 290 N.E.2d 371; see *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 262 N.E.2d 359; *Witkowski v. Covenant Security Insurance Co.* (1971), 1 Ill. App. 3d 1074, 275 N.E.2d 709.) The defendant contends, however, that these latter cases can be distinguished on their facts from the case at bar (*cf. Holada* (insured had filed timely suit against uninsured motorist so still an open question as to whether he was "legally entitled" to

recover from uninsured motorist); *Witkowski* (insurer was put on notice that plaintiff demanded arbitration less than month after accident)) and should not control the result here.

■ Upon consideration of the issue of the applicable statute of limitations in the instant case, we find persuasive the reasoning of the majority view that the phrase "legally entitled to recover," as used in the policy to denote a condition of the insured's right to recover from the insurer, was designed to indicate fault and not to bar recovery from the insurer merely because the tort-feasor, in an action against him by the insured, could have asserted a statute of limitations defense. (See *DeLuca v. Motor Vehicle Accident Indemnification Corp.; Selected Risks Insurance Co. v. Dierolf* (1975), 138 N.J. Super. 287, 350 A.2d 526; *Edwards v. State Farm Insurance Co.* (Mo. App. 1978), 574 S.W.2d 505.) As such, this language means simply that the insured must be able to establish fault on the part of the uninsured motorist that gives rise to damages and prove the extent of those damages. (*Allstate Insurance Co. v. Elkins* (1978), 63 Ill. App. 3d 62, 381 N.E.2d 1, *aff'd* (1979), 77 Ill. 2d 384, 396 N.E.2d 528; *Booth v. Fireman's Fund Insurance Co.*; contra, *Brown v. Lumbermens Mutual Casualty Co.*) We therefore find no merit in the defendant's contention that this provision served to incorporate the two-year statute of limitations for tort actions into the parties' insurance contract.

In dealing with a similar argument that an arbitration demand filed more than two years after the occurrence in question was untimely, the court in *Hartford Accident & Indemnity Co. v. Holada* stated:

> "*** [I]n the nature of a true statute of limitations, such as the one for personal injuries involved in this case, a defense based thereon must be affirmatively raised to be successful, and, if not so raised, the insured could still be 'legally entitled' even though his lawsuit were filed after the running of the statute." (127 Ill. App. 2d 472, 482, 262 N.E.2d 359, 364.)

The court thus indicated that the statute of limitations defense, being personal to the uninsured motorist tortfeasor (see 25 Ill. L. & Prac. *Limitations* secs. 8, 164 (1956); *Conley v. Rust* (1973), 12 Ill. App. 3d 26, 297 N.E.2d 397), could be raised only by that party and did not affect the insurer's obligation under its contract to pay those amounts which the insured would otherwise be legally entitled to recover from the tortfeasor. (See *Schulz v. Allstate Insurance Co.* (1968), 17 Ohio Misc. 83, 244 N.E.2d 546; *Booth v. Fireman's Fund Insurance Co.*; see also *Witkowski v. Covenant Security Insurance Co.*) Similarly, in the instant case, since the insurer's obligation derived not from the

uninsured motorist but from its insurance contract, the insurer did not stand in the shoes of the uninsured motorist (*Allstate Insurance Co. v. Elkins*) and could not raise that party's statute of limitations defense on its own behalf.

■ We likewise reject the defendant's contention in the same vein that the plaintiff's claim against the defendant insurer was essentially an action to recover for personal injuries and thus should be governed by the statute of limitations applicable to such actions. The plaintiff's action here was based solely upon her contract with the insurer for uninsured motorist coverage for which she paid an additional premium. Absent that contract, the plaintiff would have had no claim against the insurer and the defendant would have had no liability to the plaintiff to indemnify her for damages resulting from the tortious actions of the uninsured motorist. (See *Selected Risks Insurance Co. v. Dierolf; Schleif v. Hardware Dealer's Mutual Fire Insurance Co.*) The plaintiff's suit, brought to enforce the terms of a contractual obligation, was thus essentially a contract action to be governed by the statute of limitations for such actions.

If, within the framework of its contractual obligation, the defendant had desired to limit the time for making an arbitration demand to a period of two years after the accident, it could have inserted this condition into the parties' insurance contract. (See *Schulz v. Allstate Insurance Co.*) Such a limitation provision has been held to be valid and not against public policy, as it places the accident victim in at least as good a position as he would have been had the tortfeasor obtained the minimum insurance required by the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1981, ch. 95½, par. 7—203). (*Coyne v. Country Mutual Insurance Co.* (1976), 39 Ill. App. 3d 279, 349 N.E.2d 485.) In the absence of a provision to the contrary, we conclude, as did the court in *Hartford Accident & Indemnity Co. v. Holada,* that "the [insurer] itself did not wish to be bound by any statute of limitations (other than the 10-year limitation for contract actions) in working out a settlement before proceeding with arbitration." *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 480-81, 262 N.E.2d 359, 363.

The defendant's further contention that the legislative purpose behind the statute providing for uninsured motorist coverage (Ill. Rev. Stat. 1981, ch. 73, par. 755(a)) requires that the plaintiff have no longer time to bring suit than if the uninsured motorist had been insured is not well taken. While it is established that the purpose of the uninsured motorist statute is to protect the victim of an uninsured motorist at least to the extent that compensation would be available

to one injured by a motorist insured within the minimum legal limits (*Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 434 N.E.2d 290; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97), this rationale has not been extended by the courts of this State to limit an insured's right to recover from his insurer in the absence of a specific limitation period contained in the policy. (*Cf. Coyne v. Country Mutual Insurance Co.* (two-year policy limitation period upheld as not in contravention of public policy); *Burgo v. Illinois Farmers Insurance Co.* (one-year limitation period struck on public policy grounds and 10-year contract statute of limitations held applicable); but *cf. Brown v. Lumbermens Mutual Casualty Co.* (court held application of tort statute of limitations consistent with objective of placing insured in same position as if other motorist had been insured).) In view of other considerations expressed in this opinion, we decline to hold that the public policy of this State requires that the plaintiff's claim in the instant case be barred by the two-year tort statute of limitations.

■ The defendant contends finally that to allow the plaintiff to assert her claim against the defendant for uninsured motorist benefits after the time for filing suit against the uninsured motorist had run would effectively deprive the defendant of its subrogation rights against the uninsured motorist, which would arise upon payment of the plaintiff's claim. While this argument appears compelling on its face, the loss of the insurer's subrogation rights in these circumstances must be considered in light of the insurer's ability to protect its subrogation rights prior to the running of the statute against the uninsured motorist. (See Widiss, A Guide to Uninsured Motorist Coverage sec. 2.23 (1969 & Supp. 1981); Widiss, *Perspectives on Uninsured Motorist Coverage*, 62 Nw. U. L. Rev. 497, 508-11 (1967).) Under the standard uninsured motorist endorsement of the instant policy, the insured was required to give the defendant insurer written notice of the particulars of her accident "as soon as practicable." Following such notice, the insurer, under the cooperation provision of the policy, was entitled to require the plaintiff "to take such action as may be necessary or appropriate to preserve [her] right [and the insurer's right by subrogation] to recover damages from any person *** alleged to be legally responsible for the bodily injury." Thus, by virtue of this provision, the insurer had the right to compel the plaintiff to such action as would preserve all rights against the uninsured motorist, which included the instituting of a legal action to toll the statute of limitations and preserve the defendant's subrogation rights. (Widiss, A Guide to Uninsured Motorist Coverage sec. 2.23, at 49 (1969).)

As stated by the court in *Selected Risks Insurance Co. v. Dierolf* (1975), 138 N.J. Super. 287, 296, 350 A.2d 526, 531:

> "One of the functions of the notice provision of an insurance policy is to bring to the insurer's attention the possible existence of subrogated rights. By virtue of the Cooperation provision of the endorsement \*\*\* *the initial responsibility to act to protect subrogated rights is upon the insurer.* To hold otherwise would penalize a claimant for his insurer's failure to act under its own cooperation provision." (Emphasis added.)

See also *American States Insurance Co. v. Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295; *Booth v. Fireman's Fund Insurance Co.*

The defendant in the instant case has made no claim that it failed to receive notice of the plaintiff's accident in time for it to act to protect its subrogation rights against the uninsured motorist. Thus, any prejudice to the defendant's rights resulting from the timing of the plaintiff's arbitration demand has been occasioned by its own neglect and should not dictate the use of the shorter tort statute of limitations. (See *La Marsh v. Maryland Casualty Co.* (1962), 35 Misc. 2d 641, 231 N.Y.S.2d 121.) Further, while the defendant asserts that the plaintiff's demand for arbitration should have been filed within the two-year period for tort actions so as to alert the defendant to the necessity of protecting its subrogation rights, this is not the function of an arbitration demand, which is to be resorted to only if the insurer and its insured fail to agree as to fault or damages. (*Selected Risks Insurance Co. v. Dierolf.*) We therefore find no merit in the defendant's contention that the plaintiff's action must be governed by the two-year tort statute of limitations in order to preserve the defendant's rights against the uninsured motorist.

For the reasons set forth in this opinion, we hereby affirm the trial court's ruling that the plaintiff's action to compel arbitration against the defendant is governed by the 10-year statute of limitations applicable to contract actions.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.